UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUNTERS TRANSPORTING AND
TOWING, LLC,

    Plaintiff,

v.                                            CASE NO. 8:19-cv-118-T-02SPF

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

**O R D E R**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 25) and Plaintiff's Response in Opposition (Dkt. 29). After careful consideration of the allegations of the amended complaint (Dkt. 24), the applicable law, and the entire file, the Court concludes that the motion should be granted with one more chance to amend.

Eric Mahoney is no longer a Plaintiff, leaving Hunters Transporting and Towing, LLC (the LLC) as the only Plaintiff. Although Plaintiffs have rectified some of the contradictions that existed through both Plaintiffs pursuing this cause of action, some inconsistencies still plague this sole claim for negligence. On the

one hand, the LLC alleges that Wells Fargo Bank, N.A. (the Bank) breached its duty to follow its own corporate policy by failing to confirm ownership of an LLC account before opening the account.  Yet, the allegations do not adequately explain how any duty "to confirm the proper ownership" of the LLC and any duty to permit Eric access to the account as the "sole manager/owner of the business" were breached in view of the articles of organization for the LLC.  *See* Dkt. 25-1 (Articles listing both Laura Vincent and Eric Mahoney as managers and listing Vincent as the authorized representative).  Plaintiff fails to allege how the Bank had knowledge or notice that Vincent did not have the authority to open the account for the LLC.

Also seemingly contradictory is Plaintiff's reliance on the terms of the account application or agreement, which is attached to the amended complaint (Dkt. 24-1), while at the same time asserting the duties breached are derived from the Bank's internal corporate policy.  Plaintiff must affirmatively allege facts that render the independent tort doctrine inapplicable by showing that the tort claim of negligence is independent of the breach of the account agreement.

Accordingly, Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 25) is granted.  Plaintiff shall have one last opportunity to amend

consistent with this Order. The amended complaint shall be filed within fourteen (14) days.

**DONE AND ORDERED** at Tampa, Florida, on May 6, 2019.

    s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record