UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUNTERS TRANSPORTING AND
TOWING, LLC,

    Plaintiff,

v.                                                             Case No. 8:19-cv-118-T-02SPF

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

## ORDER

This cause comes before the Court upon Plaintiff's Motion to Compel (Doc. 53). Defendant filed a Response in Opposition thereto (Doc. 55).

Plaintiff asserts that Defendant has failed to timely respond to its Request for Production, which it served on Defendant on October 11, 2019. Defendant argues that Plaintiff did not properly serve its Request for Production because Plaintiff sent the request to Defendant by email, and Defendant did not provide Plaintiff with written consent to be served with discovery requests by email. Defendant's argument is well-taken. Service of discovery documents via email is only effective if the recipient provided written consent. Fed. R. Civ. P. 5(b)(2)(E), (F). While registering in the Middle District of Florida for e-filing provides a partial consent to electronic service, it does not constitute consent to electronic service of a document that is not filed with the Court, such as a Rule 26 disclosure or a discovery request.[1]

---

[1] Registering for CM/ECF in the Middle District of Florida provides a partial consent to electronic service as follows:

> By registering for CM/ECF, an E-filer consents to electronic service of all documents in accordance with the Federal Rules of Procedure, and waives the right to personal service or service by mail. Registration, however, does not

*See Bernath v. Seavey*, No. 2:15-cv-358-FtM-99CM, 2016 WL 7013873, at *4 (M.D. Fla. Dec. 1, 2016) (objections to discovery were waived because objections were emailed, which was not proper service). Because Defendant has not provided written consent to be served discovery requests by email, Plaintiff's Request for Production were not properly served. *See Moschella v. Triple S Plumbing, Inc.*, No. 3:14-cv-1032-J-39JBT, 2015 WL 13802814, at *1-2 (M.D. Fla. July 27, 2015) (denying motion to compel production of documents and attendance at deposition because service of the discovery documents by email was not effective service).

Plaintiff also complains that Defendant has not produced a date or time for the deposition of non-party employee Rena Budrage, which Plaintiff, without citation to supporting authority, describes as "a discovery violation that should be remedied" (Doc. 53 at 3).[2] Defendant asserts that it has attempted to obtain dates from Ms. Budrage, whom Defendant does not represent, and that Ms. Budrage has declined to provide dates (Doc. 55 at 3, 5).

---

constitute consent to electronic service of a document that is not filed with the Court (e.g., Rule 26 disclosure or a discovery request). An E-filer may consent to electronic service of such documents separately, in writing, in accordance with the Federal Rules of Procedure.

*Administrative Procedures for Electronic Filing*, UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA, at 2 (June 5, 2015) *available at* https://www.flmd.uscourts.gov/sites/flmd/files/documents/mdfl-administrative-procedures-for-electronic-filing.pdf.

[2] Plaintiff's motion similarly seeks relief regarding difficulty getting dates from Defendant for the deposition of another non-party employee, Judy Duncan. Defendant, however, represents in its Response that the parties have reached an agreement regarding the deposition scheduling of Ms. Duncan. As such, the Court need not address the scheduling of Ms. Duncan's deposition.

As an initial matter, Plaintiff's motion does not identify in what capacity Ms. Budrage is employed by Defendant. *See Ctr. for Individual Rights v. Chevaldina*, No. 16-20905-CIV, 2018 WL 2432109, at *20 (S.D. Fla. May 30, 2018) ("[I]t is well settled that the party seeking to take the deposition bears the burden of establishing the capacity of the person sought to be examined."). Ms. Budrage's capacity is relevant to the extent that "[a] corporate employee who does not qualify as an officer, director, or managing agent is not subject to deposition by notice. Rather, the employee is treated as any other non-party—meaning before being compelled to testify, he or she must be served with a subpoena pursuant to Federal Rule of Civil Procedure 45." *Id.* Accordingly, "[a]lthough most corporate litigants voluntarily produce subordinate employees, if the corporate party refuses to produce the person, the person must be subpoenaed." *McMahon v. Presidential Airways, Inc.*, No. 6:05CV1002-ORL28JGC, 2006 WL 5359797, at *1 (M.D. Fla. Jan. 18, 2006).

Even if Ms. Budrage was employed in such a capacity as to warrant deposition by notice rather than subpoena, the Court expects the coordination of deposition dates as a professional courtesy rather than a requirement. *See Middle District Discovery* (2015) at II(A)(1) ("An attorney is expected to accommodate the schedules of opposing counsel. In doing so, the attorney should normally pre-arrange a deposition with opposing counsel before serving the notice. If this is not possible, counsel may unilaterally notice the deposition while at the same time indicating a willingness to be reasonable about any necessary rescheduling."); *see also Rosen v. J.M. Auto, Inc.*, No. 07-61234-CIV, 2009 WL 10667558, at *1-2 (S.D. Fla. Jan. 23, 2009) (denying plaintiff's motion asking court to compel defendant to provide dates for depositions of individuals employed by defendant). As such, after Plaintiff had made numerous attempts to obtain deposition dates with no success, Plaintiff should have

3

unilaterally selected a date and served the subpoena. For these reasons, Defendant's failure to provide deposition dates for Ms. Budrage is not a discovery violation.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motion to Compel (Doc. 53) is **DENIED**.

**ORDERED** in Tampa, Florida, on January 17, 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE